O
JS-6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC513237

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE MILLER and BRUCE MILLER,<br><br>        Plaintiffs,<br>    v.<br><br>GREYHOUND LINES, INC. and DOES 1–10, inclusive,<br><br>        Defendants. | Case No. 2:13-cv-05341-ODW(SHx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On July 24, 2013, Defendant Greyhound Lines, Inc. removed this action to this Court from the Los Angeles County Superior Court. But after carefully considering the papers filed with the Notice of Removal, the Court determines that Greyhound has failed to satisfy its burden of establishing federal jurisdiction. The Court therefore **REMANDS** this action back to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

With respect to citizenship, Greyhound's Notice of Removal asserts that it is "informed and believes that plaintiffs Bonnie Miller and Bruce Miller are and were at all times relevant citizens of the state of Iowa." (Notice of Removal ¶ 5.) Greyhound apparently formed this information and belief based on its litigation adjuster's review of the claim materials, which revealed that "plaintiffs reside in Dubuque, Iowa." (Ryan Decl. ¶ 3.) But residency allegations alone are inadequate to establish citizenship. A natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship."). And while a party's residence may be prima facie evidence of that party's domicile when an action is *originally* brought in federal court, residency allegations in alone do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see Kantor*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567. Moreover, Greyhound cites no other objective facts to establish that the Millers are domiciled in Iowa, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts,

location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Further, Greyhound's allegation that it "is informed and believes" that the Millers are Iowa citizens is likewise inadequate to establish diversity jurisdiction on removal. On removal, "alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kantor*, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Greyhound also fails to establish that it is more likely than not the amount in controversy exceeds $75,000. Where, as here, a plaintiff does not specify a particular damages figure in the state-court complaint, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence the court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

As the proponent of federal jurisdiction, Greyhound bore the duty to establish *by facts or summary-judgment-like evidence*, or both, that it is more likely than not that the amount in controversy exceeds $75,000 in this case. But instead of rising to this duty, Greyhound merely paid lip service to its burden and proceeded to list the categories of damages demanded in the Complaint—without including any additional facts, evidence, or even analogies to similar cases. (Notice of Removal ¶ 11.) This does nothing whatsoever to establish by a preponderance of the evidence that the categories of damages Plaintiffs seek could, in the aggregate, exceed $75,000 and is therefore plainly insufficient to satisfy Greyhound's burden on removal.

Because Greyhound fails to meet its high burden on removal to establish either complete diversity between the parties or that the amount in controversy is more likely than not to exceed $75,000, the Court **REMANDS** this case to Los Angeles County Superior Court, Case Number BC513237.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

July 29, 2013

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE